# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-60177
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2019

Lyle W. Cayce
Clerk

SHERMAN OBY,

Plaintiff-Appellant

v.

OFFICER COREY SANDER,

Defendant-Appellee

———————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:14-CV-45

———————————

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Sherman Oby, Mississippi prisoner #45397, appeals the damages awarded by the district court following the entry of a default judgment against Officer Corey Sanders in this 42 U.S.C. § 1983 proceeding. After Oby testified at a hearing, the district court awarded him $100 in nominal damages, but it declined to award either compensatory or punitive damages.

———————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60177

Oby first argues that the district court erred in declining to award compensatory damages.  He argues that, if he failed to provide sufficient evidence for such damages, he should have been allowed to supplement or amend his complaint.  However, the record establishes that Oby received multiple opportunities to set forth his claims and evidence in the district court.  Next, Oby correctly argues that compensatory damages may be awarded for more than out-of-pocket expenses, including for impairment of reputation, humiliation, or mental anguish.  *See, e.g.*, *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986).  However, Oby did not assert a claim for damages on these grounds in the district court.

The primary issue Oby raises is the district court's conclusion that punitive damages were not warranted.  "Punitive damages may be awarded in § 1983 cases 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  We review a district court's determination on punitive damages deferentially; reversal of the district court's decision is not required even where a party has made a showing justifying punitive damages.  *Heaney*, 846 F.3d at 803.  Even if the district court's conclusion that Officer Sanders used constitutionally excessive force equates to a threshold finding of evil intent or callous indifference, *see Smith,* 461 U.S. at 53-54 & n.17, the court did no abuse its discretion by ultimately concluding that punitive damages were unwarranted in this case, *see Heaney*, 846 F.3d at 803.

AFFIRMED.